IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFREDO ARMENTA. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3219 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Alfredo Armenta sued Allstate Texas Lloyds ("Allstate") in Texas state court, alleging that Allstate wrongfully denied his property damage insurance claim after his home experienced water damage. In his original petition, filed on May 2, 2008, Armenta asserted causes of action against Allstate for breach of contract, violation of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and fraud. The petition did not allege a specific amount of damages. (Docket Entry No. 1, Ex. 3).

Allstate removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, on November 4, 2008. The notice of removal stated that complete diversity among the parties existed, because Armenta is a Texas citizen and Allstate is "an unincorporated association of underwriters that sells insurance under a Lloyds Plan. None of Allstate's underwriters is a citizen of Texas." (Docket Entry No. 1). For purposes of determining whether diversity jurisdiction exists, courts "look only to the citizenship of the [Lloyd's group] underwriters." *Royal Insurance Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877,

883 (5th Cir. 1993), *cert. denied*, 511 U.S. 1032 (1994).  Allstate asserted that on October 11, 2008, Armenta served discovery responses that, for the first time, provided a basis for concluding that the amount in controversy exceeded $75,000.  Specifically, in response to Allstate's request for disclosure of "the amount of economic damages and any method of calculating the damages," Armenta estimated the damages as: $34,271.95 for mold removal, $25,079.00 to $39,000.00 for repair costs, $33,055.69 for damages to personal items inside the home, and $7,200.00 for loss of the use of his home for nine months.  (Docket Entry No. 1, Ex. 3).  Armenta's discovery response stated that these damages "total approximately $99,606.64," but that Armenta was entitled to receive treble damages in the amount of $298,819.92.  (*Id.*).  Before these discovery responses, Armenta had not provided Allstate any information showing actual damages approaching $75,000.

Armenta has moved to remand on the basis that the removal was untimely because it was more than thirty days after suit was filed.  Service of an initial pleading will trigger the thirty-day time period "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).  This rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know."  *Id.*  Under certain circumstances, an initial pleading that does not specifically request damages in excess of the federal jurisdictional requirement can trigger the thirty-day removal clock.  *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002) (stating that the Fifth Circuit has held that

2

"specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal"). In this case, Armenta's original and amended petitions did not provide information showing that he was seeking at least $75,000, the amount of damages necessary to establish diversity jurisdiction in a federal court.

A response to a discovery request may constitute an "other paper from which it may first be ascertained that the case is one which is or has become removable," triggering the thirty-day period of removability under 28 U.S.C. § 1446(b). *See Chapman*, 969 F.2d at 164 (interrogatory answer is an "other paper"); *see also Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000) (postcomplaint demand letter is an "other paper"); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (a transcript of deposition testimony is an "other paper"). In this case, the October 11, 2008 discovery responses first provided Allstate with the information that Armenta sought damages in excess of the minimum jurisdictional amount. The case was not removable before Allstate was served with those responses. Because Allstate filed its notice of removal within thirty days of receiving the discovery responses, removal was timely. The motion to remand is denied

SIGNED on December 18, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge